New York County.—Hon. D. G. ROLLINS, Surro-
gate.—March, 1886.

Hanover *v.* Reynolds.

*In the matter of the judicial settlement of the account
of* Frederick T. Reynolds, *as administrator,
and* Laura D. Staab, *as administratrix of the
estate of* Egbert B. Mack, *deceased.*

An attorney having stipulated, for a consideration mentioned, " to give
his legal services as the counsel or attorney of the administrators
in the settlement of (decedent's) estate, until the same is settled,"—
the administrators agreeing that he should be repaid for " any and all
*disbursements* made necessary on the settlement ; "—on a motion for
substitution, the former claimed to be reimbursed for $250 paid by
him for services of counsel in the estate affairs.—
*Held*, that the *disbursements* contemplated were those enumerated in
Code Civ. Pro., § 3256 ; among which the one in question did not fall.

Motion for substitution of attorney of adminis-
trators.    The facts are stated in the opinion.

C. W. Moulton, *and* B. P. Ryan, *for administrator.*

Chas. G. Bennett, *for administratrix.*

The Surrogate.—On behalf of the administratrix
of this estate, a motion has been made for the substi-
tution of Mr. Bennett in the place of Mr. Hanover,
as her attorney in the pending accounting proceeding.
Mr. Hanover claims that, as a condition of such sub-
stitution, he should first be paid $275, disbursed by
him on account of his client.

It appears that, in January, 1882, he entered into a

written contract with the administratrix, whereby, in consideration of the transfer of the good will, etc., of a certain advertising agency that had belonged to the decedent in his lifetime, he (the attorney) agreed, among other things, " to give his legal services as the counsel or attorney of the administrators in the settlement of said estate until the same is settled." The agreement further provided that the attorney should be repaid for ".any and all *disbursements* made necessary in the settlement of said estate." It is under the clause last quoted that the attorney of record herein has interposed his claim for $275 disbursements, which includes a claim of $250 paid by Mr. Hanover as compensation for legal services of counsel in the affairs of the estate.

I think that, as regards the enforcement of an attorney's lien, this term, " disbursements," must be taken in its technical meaning, and confined to such disbursements as are set forth in § 3256 of the Code of Civil Procedure. The sum paid by the attorney for services of counsel is not a disbursement within that section, and is not a disbursement, therefore, for the repayment of which the lien of the attorney of record can be recognized, or his claim for refunding sustained. If the other disbursements, to the amount of $25, are such as are embraced in § 3256, the payment of that sum may be directed as a condition to the entry of an order of substitution.